# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Ditech Financial LLC, et al., | Case No.: 2:16-cv-02906-JAD-NJK |
|         Plaintiffs | |
| v. | **Order Granting Summary Judgment** |
| | **in Favor of Plaintiffs Based on** |
| Talasera & Vicanto Homeowners' Association, et al., | **Federal Foreclosure Bar** |
|         Defendants | [ECF Nos. 42, 43, 56, 57, 59, 60] |
| ALL OTHER PARTIES AND CLAIMS | |

This is one of hundreds of quiet-title actions in this district to determine whether a nonjudicial foreclosure sale by a homeowners' association (HOA) extinguished the first deed of trust securing the mortgage on the home. It pits government-sponsored mortgage enterprise the Federal National Mortgage Association (better known as "Fannie Mae") and its loan servicer Ditech Financial LLC against the Talasera and Vicanto Homeowners' Association, its foreclosure agent, and the foreclosure-sale purchaser. Fannie Mae and Ditech argue that the Federal Foreclosure Bar in the Housing and Economic Recovery Act of 2008 ("HERA")[1] saved Fannie Mae's 2005 deed of trust on the home located at 9161 Dutch Oven Court in Las Vegas, Nevada, from being wiped out by a 2012 foreclosure sale, and they seek summary judgment in their favor.

The defendants move to dismiss this action as time-barred by the applicable state statutes of limitations, arguing that the filing of these claims more than four years after the foreclosure sale rendered them all stale. Fannie Mae and Ditech contend that their claims get the benefit of

---

[1] 12 U.S.C. § 4511 et seq.

HERA's claims-period extender statute, which provides "the applicable statute of limitations with regard to any action brought by the [Federal Housing Finance Agency] as conservator or receiver," extending the deadline for tort claims to three years and contract claims to six.[2] Earlier this year in a separate case, I held that quiet-title claims like these fall under the contract umbrella, so I found the Agency's claims in that case timely.[3] But I also held that, by its plain language, the statute only extends the filing period for claims brought by the Agency itself.[4]

Fannie Mae and Ditech urge me to apply the extender statute to their claims, too. During a lengthy hearing on all pending motions, I found[5] that the plaintiffs' quiet-title claims are equitable ones of the type recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*: an action "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[6] I also concluded, consistent with my holding in scores of similar cases, that such claims, when brought by lenders and lienholders or those acting on their behalf, are governed by Nevada's catchall four-year limitations period in NRS 11.220.[7] Because Fannie Mae and Ditech filed this lawsuit about four years and two months after the foreclosure sale occurred, those claims would be time-barred by the state statute. But if HERA's six-year federal statute applies, the plaintiffs' quiet-

---

[2] 12 U.S.C. § 4617(b)(12)(A).

[3] *Fed. Hous. Fin. Agency v. LN Mgmt. LLC, Series 2937 Barboursville*, 369 F. Supp. 3d 1101, 1110 (D. Nev. 2019).

[4] *Id*. at 1110–11. This portion of the *Barboursville* opinion has been vacated on reconsideration.

[5] I placed extensive findings and conclusions on the record during the September 16, 2019, hearing and do not repeat them here. *See* ECF Nos. 81 (minutes), 82 (transcript). This order addresses only the issues that remained unresolved.

[6] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–1111–12 (Nev. 2016).

[7] *See, e.g.*, *U.S. Bank Nat'l Ass'n v. SFR Investments Pool 1, LLC*, 376 F. Supp. 3d 1085, 1091 (D. Nev. Mar 27, 2019).

title claims are timely and they are entitled to summary judgment in their favor based on the Federal Foreclosure Bar. So the lynchpin question for all of the pending motions is whether Fannie Mae and Ditech can use HERA's generous six-year filing period to save their claims. I ordered supplemental briefing on this narrow issue from all parties and the Agency, which is participating as *amicus curiae*.

Having evaluated the oral arguments and supplemental briefs,[8] I remain convinced that the extender statute is unambiguous and that its plain language limits its application to actions brought by the Agency. But because the Ninth Circuit's holding in *United States v. Thornburg*[9] that a similar federal limitations period applied to claims by an assignee of a government agency binds me to rule similarly here, I find that Fannie Mae and Ditech's claims get the benefit of HERA's six-year federal statute of limitations, making them timely. So I grant summary judgment in favor of Fannie Mae and Ditech on the quiet-title claims based on the Federal Foreclosure Bar, dismiss their remaining claims and theories as moot or redundant, deny all other motions, and close this case.

**Discussion**

The question in *Thornburg* was whether the six-year federal limitation period that governs actions by the United States to enforce a debt[10] continued to apply when the Small Business Administration (SBA) assigned a note and personal guaranty to a bank for collection

---

[8] ECF Nos. 82 (Fannie Mae, Ditech, and the Agency), 85 (Dutch Oven Court Trust).

[9] *United States v. Thornburg*, 82 F.3d 886 (9th Cir. 1996).

[10] *See id.* at 889 n. 4 (quoting 28 U.S.C. § 2415(a), which provided in relevant part that "every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues. . . .").

purposes.[11]  The panel found persuasive the Fifth Circuit's ruling in *FDIC v. Bledsoe* that the

extender statute in the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA)

"was transferred" along with a promissory note that the government agency assigned to a private

institution.[12]  Like HERA, FIRREA "explicitly accords a six year period of limitations to actions

brought by the FDIC as conservator or receiver," but "[a]ssignees are not covered by [its]

express terms . . . ."[13]  So the *Bledsoe* court "turn[ed] to the common law to fill the gap" and

reasoned that the private institution, "as assignee, stood in the shoes of the" government entity,

"the assignor, and thus received" the federal statute's six-year limitations period.[14]

The *Thornburg* court found its own facts "an even more compelling situation for the

application of the common law rule than the factual predicate for the *Bledsoe* line of cases."[15]

The SBA had not "divest[ed] itself of its right to bring an action to collect the unpaid balance of

the loan," it merely "appoint[ed] the [b]ank to act as its surrogate in negotiating with the

debtors."[16]  Thus, the panel concluded, "the [federal] six-year statute of limitations was

applicable to any action filed by the [b]ank on behalf of the United States to enforce the debt

secured by the [n]ote and the Thornburgs' personal guaranty."[17]

---

[11] *Thornburg*, 82 F.3d at 890–92.

[12] *FDIC v. Bledsoe*, 989 F.2d. 805, 808 (5th Cir. 1993).

[13] *Id*. at 809 (quoting 12 U.S.C. § 1821(d)(14)).

[14] *Id*. at 810.

[15] *Thornburg*, 82 F.3d at 891.

[16] *Id*.

[17] *Id*. at 892.

*Thornburg* blazed the trail that I must follow in deciding whether Fannie Mae and Ditech enjoy the benefit of HERA's extender statute. Fannie Mae's deed of trust, acquired in 2005,[18] became Agency property when Fannie Mae went into conservatorship in 2008, and the Agency holds it in trust for the benefit of Fannie Mae.[19] The Agency has issued a public statement confirming that it supports "actions to contest" HOA "foreclosures that purport to extinguish [Fannie Mae] property interests" in violation of the Federal Foreclosure Bar,[20] and HERA authorizes the Agency, as conservator, to delegate operational decisions to Fannie Mae's management.[21] Ditech, the loan servicer whose name appears on the deed of trust, is acting as an assignee and agent for enforcement purposes only,[22] just as the bank in *Thornburg* was assigned the note and guaranty "for the purpose of collection."[23] To hold that HERA's extender statute does not apply to Fannie Mae and Ditech's action to protect the Agency's deed of trust would be incompatible with the Ninth Circuit's ruling in *Thornburg* that "the six-year federal statute of

---

[18] ECF No. 57-5 (deed of trust). Fannie Mae acquired the mortgage and its associated deed of trust in October 2005. ECF No. 56-1 at ¶ 4.

[19] *See Berezovsky v. Moniz*, 869 F.3d 923, 929 (9th Cir. 2017); *Federal Home Loan Mortg. Corp. v. SFR*, 893 F.3d 1136, 1146 (9th Cir. 2018).

[20] *See* https://www.fhfa.gov/Media/PublicAffairs/PublicAffairsDocuments/Authorized-Enterprise-Servicers-Reliance.pdf, last visited 12/9/19. I take judicial notice of that statement as its accuracy is undisputed. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (noting that "[i]t is appropriate to take judicial notice of" information on government websites when its accuracy and authenticity are not disputed).

[21] 12 U.S.C. § 4617(b)(2)(C).

[22] ECF No. 56-1 at ¶ 10 (noting that the current servicer of the mortgage "for Fannie Mae is Ditech"); *see also* Section E-1.3 of Fannie Mae's Guide (ECF No. 56-2 at 26), which requires loan servicers to "[a]ppropriately handle legal matters affecting Fannie Mae mortgage loans," including litigation that "challenges the validity, priority, or enforceability of a Fannie Mae mortgage loan or seeks to impair Fannie Mae's interest in an acquired property" "regardless of whether Fannie Mae is a party to the proceeding."); *Berezovsky*, 869 F.3d at 933 (explaining the loan-servicer relationship in light of the government-sponsored enterprise's Single-Family Seller/Servicer Guide, which is subject to judicial notice).

[23] *Thornburg*, 82 F.3d at 890–91.

limitations was applicable to any action filed by the [b]ank, as an assignee of the SBA."[24]  I thus follow *Thornburg* and hold that HERA's federal six-year limitation period applies to actions contesting the HOA-foreclosure-sale extinguishment of an enterprise-owned deed of trust regardless of whether the action is brought by the Agency, the government-sponsored enterprise, or the authorized loan servicer.

## Conclusion

Because Fannie Mae and Ditech's quiet-title claims are timely, and I have already determined that there is no genuine issue of fact precluding summary judgment in their favor based on the Federal Foreclosure Bar, I grant their motions for summary judgment on that basis and deny all other pending motions.  And because Fannie Mae and Ditech's remaining claims as pled are contingent upon the failure of their quiet-title claim,[25] and their remaining quiet-title theories seek essentially the relief I am granting by this order, I dismiss those claims and theories as moot or redundant.

IT IS THEREFORE ORDERED that Fannie Mae and Ditech's summary-judgment motions **[ECF Nos. 56, 57] are GRANTED IN PART.  I grant summary judgment in favor**

---

[24] *Thornburg*, 82 F.3d at 894.  To find that HERA's extender statute applies to actions by the government-sponsored enterprises and their loan servicers is also more consistent with the recognition by the Nevada Supreme Court and the Ninth Circuit that these categories of litigants have standing to assert the Federal Foreclosure Bar.  *See, e.g.*, *Nationstar Mortgage, LLC v. SFR Invests. Pool 1, LLC*, 396 P.3d 754, 758 (Nev. 2017) ("the servicer of a loan owned by a regulated entity may argue that the Federal Foreclosure Bar preempts NRS 116.3116, and . . . neither Freddie Mac nor the FHFA need be joined as a party"); *Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 F. App'x 658, 659 (9th Cir. 2017) ("Flagstar, as the loan servicer, acts as Fannie Mae's agent, and has standing to assert a claim of federal preemption").

[25] *See, e.g.*, ECF No. 1 at ¶ 109 ("If it is determined the HOA Foreclosure Sale extinguished the Deed of Trust . . . . [the] breach . . . will cause Ditech to suffer general and special damages . . ."); ¶ 116 (similar allegations in support of wrongful-foreclosure claim).

**of the plaintiffs on all quiet-title claims and counterclaims based on the Federal**

**Foreclosure Bar.  I dismiss as moot all remaining claims and theories.**

IT IS FURTHER ORDERED that the HOA's motions to dismiss and for summary

judgment **[ECF Nos. 42, 60] are DENIED**;

IT IS FURTHER ORDERED that the Dutch Oven Court Trust's motions to dismiss and

for summary judgment **[ECF Nos. 43, 59] are DENIED**.

And with good cause appearing and no just reason to delay, I direct the Clerk of Court to

**ENTER FINAL JUDGMENT in plaintiffs' favor, DECLARING that:**

> **The Federal Foreclosure Bar (12 U.S.C. § 4617(j)(3)) prevented the October 5, 2012, foreclosure sale on the property located at 9161 Dutch Oven Court in Las Vegas, Nevada, from extinguishing the deed of trust dated August 22, 2005, and recorded in the Clark County Records at Document Number 20050922-0002356,**

and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: December 13, 2019